# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 14-cr-362-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**6.    BRADEN DAVIES**,
**7.    SYED I. SHAH**

    Defendants.

## ORDER DENYING GOVERNMENT'S MOTION FOR CONTINUANCE

Now before the Court in this drug conspiracy and money laundering case is the Government's Motion for Ends-of-Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161. (ECF No. 192.) For the reasons explained below, this Motion is denied.

### I. BACKGROUND

The Government initiated this case on September 10, 2014, charging 24 counts against eight co-conspirators. As a general summary, the Government alleges that Defendant Fernandez and his co-conspirators sent drugs from Canada for sale in the United States, including in Colorado, then returned proceeds from those drug sales to Canada, including through wire transfers to various bank accounts in Canada, including accounts controlled by Defendants Davies and Shah.

In Count 1, the Indictment charges conspiracy to distribute, and to possess with intent to distribute, methylenedioxymethamphetamine and methylenedioxy-amphetamine (*i.e.*, MDMA and Ecstasy), in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(C) & 846. (ECF No. 1.) Other counts of the Indictment charge related individual drug transactions. None of these drug distribution counts are charged against Defendants Davies or Shah.

As to the money laundering counts, the Indictment charges both Davies and Shah in Count 2 with conspiracy to engage in financial transaction(s) representing proceeds of illegal distribution of a controlled substance, 18 U.S.C. §§ 1956(a)(1)(B) & 1956(h). In addition, Davies is charged in Count 9 with committing, or aiding and abetting, a money laundering transaction that occurred on or about May 21, 2013, in violation of §§ 1956(a)(1)(B) & 2. Shah is similarly charged in Count 18 with a single violation of §§ 1956(a)(1)(B) & 2, occuring on or about February 17, 2014.

Defendants Solan, Melgar-Recinos, and Wortman were previously arrested, appeared, and entered plea agreements, and this case terminated as to those three defendants in 2015. (*See* ECF Nos. 80, 113, 116, 106, 143, 145.) However, Davies and Shah, and other named co-defendants, are residents of Canada, and extradition proceedings and related appeals have been ongoing since 2014 or 2015. (ECF No. 192 at 2.) Defendant Fernandez evidently remains a fugitive.[1] As further detailed in Part II.B. below, both Davies and Shah were extradited from Canada earlier in 2017, and were jointly set for a trial to commence on December 18, 2017. The Government now seeks to continue that trial date.

## II. ANALYSIS

The Speedy Trial Act is "designed to protect a defendant's constitutional right to

---

[1] The Government represents that the extradition appeals as to Defendant Chengberlin are "in the final stages." No party explains the current status of Defendant Pereda.

a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).

However, "[s]everal 'enumerated events' are excluded from the statute's prescribed seventy-day period, thus tolling the speedy-trial clock." *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014); 18 U.S.C. § 3161(h)(1)–(8). Here, the Government seeks exclusion of time and a resulting continuance under three of these statutory grounds. Although the parties' arguments tend to blur the lines between these statutory bases, the Court addresses each in turn.

A. **Absent or Unavailable Essential Witness—§ 3161(h)(3)**

First, the Government cites § 3161(h)(3)(A), which excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." (ECF No. 192 at 6.) For purposes of this provision:

> a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. . . . a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3)(B). The Government raises problems with three witnesses, but none have an unknown whereabouts (*i.e.*, an "absent" witness). Therefore the only relevant determination is whether any are "unavailable" within the meaning of

3

§ 3161(h)(3)(B). The Government has not shown that they are.

1. Detective Jeffers

First, the Government argues that DEA Task Force Officer Brian Jeffers, a detective with the Denver Police Department, is scheduled for training during the time now set for trial, and that "[w]hile his presence could be compelled with a subpoena, such would jeopardize his employment as a police officer." (ECF No. 192 at 6.)

Other than representing that Detective Jeffers is the "case agent," and that he worked undercover to investigate this case, the Government seems to take it for granted that he is an "essential witness," offering no explanation what testimony he would offer or why the relevant facts could not be presented through other means. Thus, the Government has not shown how he is an "essential" witness, no matter how that term is defined.[2]

---

[2] In *United States v. McNeil*, the D.C. Circuit addressed the definition as follows:

> The Speedy Trial Act does not define the term "essential witness." The report of the Senate Judiciary Committee accompanying the bill that became the Act states:
>
>> By an "essential witness" the Committee means a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an "essential witness" . . . .
>
> S. Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974). Although this court has not before had occasion to consider the meaning of the term "essential witness," other courts of appeals have concluded, based in part upon the above-quoted report, that the term refers to "witnesses whose testimony would be extremely important to the proceeding, perhaps providing proof that was not otherwise attainable," *United States v. Marrero*, 705 F.2d 652, 656 (2d Cir.1983); *see United States v. Eagle Hawk*, 815 F.2d 1213, 1218 (8th Cir.1987) ("unquestionably important" witness whose

Moreover, the Court is unpersuaded that Detective Jeffers is "unavailable" within the meaning of § 3161(h)(3)(B), meaning his "presence at trial cannot be obtained by due diligence." The Government represents that Detective Jeffers is scheduled for a training, that the training "had been [previously] scheduled and canceled" due to unspecified "work obligations," and that this is the last date when he can timely complete the required training. (ECF No. 192 at 3–4.) These vague explanations fail to show that due diligence could not have assured his presence at trial. Conspicuously, the Government does not say whether Detective Jeffers scheduled this training before or after the Court set the trial date, or why neither he nor the Government raised this conflict prior to filing the present motion. (*See* ECF Nos. 179, 192.)

In addition, the Government's bald representation that Detective Jeffers might lose his job in law enforcement if he were to miss or postpone a day or two of training in order to comply with a subpoena and testify in a case that he investigated is simply not credible. To carry any weight, such an illogical claim would require significant corroboration, such as, an affidavit from a superior officer or a representation from the Colorado Attorney General's Peace Officer Standards and Training ["POST"] Board to the effect that there would simply be no way to accommodate Detective Jeffers's

---

"anticipated testimony [would not] be merely cumulative, or substantially irrelevant").

911 F.2d 768, 773 (D.C. Cir. 1990) (holding district court abused its discretion by concluding witness was essential where it "had no information whatsoever upon which to make a reasoned decision"). The Tenth Circuit has cited favorably to *McNeil*, but without clearly adopting its definition. *See United States v. Allen*, 235 F.3d 482, 491 (10th Cir. 2000); *United States v. Emmons*, 41 F.3d 1516 (table), 1994 WL 630794, at *2 (10th Cir. 1994). The Government does not identify any different standard, and since it makes no showing that its witnesses are "essential" under any standard, the Court need not address whether *McNeil* is controlling.

training obligations if he were to comply with a Court subpoena. Suffice to say, the Government presents no evidence of this kind, only speculation. To the extent the underlying basis for the conflict is that the Government did not timely inform Detective Jeffers of the trial dates, that he failed to schedule them, or that he put off his training obligations until the last possible opportunity, none of those possibilities reflect "due diligence" in assuring his presence for long-scheduled trial dates.

2. Canadian Law Enforcement Officers

Second, the Government claims some number of unnamed Canadian law enforcement officers are unavailable, because although they "have been fully cooperateive and have agreed to travel to Denver for trial," they have "committed to other duties and finalized holiday plans." (ECF No. 192 at 3, ¶ 3.) Even more so than for Detective Jeffers, the Government fails to show that these potential witnesses are either "essential" or "unavailable" within the meaning of § 3161(3). The Government does not even name any of these witnesses, much less show how any of them, alone or in combination, are "essential." The Court declines to simply take it for granted—as the Government seems to—that *any* law enforcement the Government chooses to name (or, here, not name) should be viewed as "essential." See *McNeil*, 911 F.2d at 775. Moreover, as with Detective Jeffers, it appears these witnesses simply made other plans that conflict with the trial dates, based only on the *possibility* of a continuance discussed by counsel, which was not raised with, or granted by, the Court. (ECF No. 192 at 4, ¶ 3.) This does not reflect "due diligence" in bringing these witnesses to trial.

3. Mr. Shriver

6

Third, the Government represents that "[s]even drug exhibits" were analyzed by a chemist with the Denver Police Department who has since passed away and must be re-analyzed, presumably by another analyst who could then testify at trial. (*Id.* ¶ 2.) As with the witnesses above, the Government makes no showing of why Mr. Shriver's testimony is "essential," especially since Davies and Shah are charged only in money laundering counts. Defendant Shah argues the relevant drugs were not even connected to the counts charged against him. (ECF No. 200 at 8.) Further, Mr. Shriver passed away in October 2016, some nine months *before* the Court set the present trial date, in July 2017. It appears the Government did not identify or seek to address this issue until sometime shortly before filing the present motion, in November 2017. (ECF No. 192 at 4, ¶ 2; ECF No. 200 at 8 & n.6.) This again fails to show "due diligence" in making an alternative drug analyst available to testify.

* * *

In sum, the Government's arguments for exclusion of time under § 3161(h)(3)(A) are unpersuasive. The Government has made no showing that these witnesses are "essential" other than to baldly assert as much, and the record tends to show their presence could have been assured by the exercise of actual due diligence. To the extent the Government's Motion amounts to a request to prioritize the convenience of law enforcement witnesses over the Defendants' speedy trial rights, it is rejected.

B.      **Joinder—§ 3161(h)(6)**

The Government next moves under § 3161(h)(6), which excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The

Government argues the Defendants are "joined for trial because they were charged in a single indictment," and that "the time from Davies'[s] initial appearance until Shah's arraignment is excludable" under § 3161(b). (ECF No. 192 at 7.) This argument makes no sense.

Following extradition, Defendant Davies made an initial appearance on June 15, 2017. (ECF No. 159.) On June 20, 2017, the Court set a 4-day trial for July 17, 2017. (ECF No. 166.) Davies moved for a continuance, which the Court granted on July 20, 2017, establishing the present trial date of December 18, 2017. (ECF No. 169.) Only *after* that trial date was already set as to Davies did Shah make his initial appearance, on August 28, 2017. (*See* ECF No. 176.) By separate order, the Court then set a joint trial to begin on the date already set for Davies, but lasting longer. (ECF No. 179.)

The Government's claim that Shah was "joined for trial" with Davies *before* even having appeared before a judicial officer of this court is nonsensical. *See* § 3161(c)(1). Rather, the Court *set* a joint trial, on September 6, 2017. (ECF No. 179.) Before that date, these two Defendants were no more "joined for trial" than they are now "joined" with those defendants who have not yet been apprehended or extradited. *Surely*, the Government is not suggesting either that the Court may delay trial indefinitely in cases where some defendants have absconded and remain fugitives, nor that the Speedy Trial Act has already run as to those Defendants indicted in 2014 who have not yet appeared but are, by the Government's logic, already "joined for trial" as a function of having been jointly indicted. Suffice to say, the Government's proposed interpretation of § 3161(c)(1) in these circumstances would produce perverse and undesirable

consequences contrary to the purposes of the Speedy Trial Act. This argument is rejected.

Moreover, as to Defendant Shah, the present December 18, 2017 trial date was already set outside of the 70 day default permitted by the Speedy Trial Act, since it fell approximately 112 days after his initial appearance. This setting reflects the Court's determination at that time that the approximately 42 additional days that were excluded from Shah's Speedy Trial Act calculation constituted a "reasonable period of delay," in light of the previous continuance granted to Davies and the trial date already set for him, and weighing the relevant considerations, most of all including "whether the circumstances further the purpose behind the [§ 3161(h)(6)] exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Margheim*, 770 F.3d at 1319 (internal quotation marks omitted).[3] The relevant question here is not whether some arbitrary period of time that occurred before Shah initially appeared should be excluded. *See id.* at 1318–19 ("The general rule is that all defendants who are joined for trial fall within the speedy trial computation of the latest codefendant." (alterations incorporated; internal quotation marks omitted; emphasis added)). Rather, the present issue is whether some *further* exclusion of time under § 3161(h)(6) would constitute a reasonable delay as a consequence of

---

[3] The other relevant factors tend to show that the time previously excluded as to Mr. Shah as a consequence of a joined trial was reasonable, but that a further delay under § 3161(h)(6) might not be. Mr. Shah is not free on bond, and although he has never objected to the December 18, 2017 setting, he does object to a further exclusion or continuance on this basis. *See Margheim*, 770 F.3d at 1319 (additional factors to consider in evaluating a "reasonable" period of delay resulting from joinder include "whether the defendant is free on bond," and "whether the defendant zealously pursued a speedy trial"); *United States v. Vogl,* 374 F.3d 976, 984 (10th Cir. 2004).

Defendant Shah having been joined to Defendant Davies's existing trial date. The Government did not raise such a claim at the time the Court set the joint trial, and does not now either argue that a two-defendant trial requires additional time to prepare, nor show how the time requested would be reasonable under the *Margheim* factors, other than to cite them.

## C. Ends-of-Justice—§ 3161(h)(7)

Lastly, the Government requests an "ends-of-justice" continuance under § 3161(h)(7). The Act "excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)). The Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> * * *
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

"The ends of justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment."

10

*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(I)–(iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served

by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). The consideration and balancing of these factors "must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).

However, an ends of justice continuance may *not* be granted as the result of "lack of diligent preparation or failure to obtain available witnesses":

> No continuance under [§ 3161(h)(7)(A)] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. § 3161(h)(7)(C).

Here, as explained in Part. II.A., the request for a continuance based on the Government's witness problems is best understood as a "failure to obtain available witnesses on the part of the attorney for the Government," and is therefore an impermissible basis for a continuance. The Government's only other grounds for a continuance is that a "large amount of evidence" was allegedly found on electronic devices seized in Canada pursuant to a search warrant in October 2014. (ECF No. 192 at 5.) The Government represents that the recovery of evidence from these devices has "been hindered because of encryption" (*id.*), but fails to show how the failure to break this encryption in ensuing **three years** is not a "lack of diligent preparation." To the extent the Government *has* been diligently trying to access this evidence without success, there is no showing that an additional 60 days will resolve the problem.

12

### III. CONCLUSION

For the reasons set forth above, the Government's Motion For Ends-of-Justice Continuance of Trial Pursuant to 18 U.S.C. § 3161 (ECF No. 192) is DENIED.

Dated this 5th day of December, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge