IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 14-cr-362-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.     **BRADEN DAVIES**,
7.     **SYED I. SHAH**

    Defendants.

## ORDER DENYING JOINT MOTION TO SEVER

Now before the Court in this drug conspiracy and money laundering case is the Joint Motion to Sever filed by Defendants Braden Davies ("Davies") and Syed I. Shah ("Shah") (together, "Defendants"). (ECF No. 195.) For the reasons explained below, the Motion is denied.

### I. BACKGROUND

The Government initiated this case in 2014, charging 24 counts against eight alleged co-conspirators. In general terms, the Government alleges that co-Defendant Daniel Fernandez, working with co-conspirators, sent controlled substances from Canada to Colorado for sale, and engaged in a related conspiracy to launder the proceeds of those drug sales by depositing them into bank accounts in Canada that were controlled by various co-conspirators, including Davies and Shah, who would, in turn, withdraw the funds and deliver them to Fernandez, less a "commission."

Davies and Shah are not charged with any acts of drug distribution, only money

laundering. Specifically, Count 2 charges Davies and Shah with conspiracy to commit money laundering, 18 U.S.C. § 1956(h), by engaging in financial transactions designed to conceal the proceeds of drug distribution. In addition, Davies is charged in Count 9 with a single transaction in violation of §§ 1956(a)(1)(B) & 2, occurring on or about May 21, 2013, and Shah is charged in Count 18 with a violation of §§ 1956(a)(1)(B) & 2 occurring on or about February 17, 2014. Beyond these charged transactions, the Government claims its evidence will show Shah engaged in a total of 19 money laundering transactions between July 2011 and February 2014, including 18 un-charged transactions preceding the one charged. (ECF No. 202 at 8.) The Government likewise claims Davies committed four additional, uncharged, acts of money laundering, all in 2013. (*Id.* at 8–9.)

This case terminated as to Defendants Solan, Melgar-Recinos, and Wortman in 2015, after they appeared, entered plea agreements, and were sentenced. (*See* ECF Nos. 80, 113, 116, 106, 143, 145.) However, Davies, Shah, and other co-defendants who are residents of Canada have been involved in lengthy extradition proceedings. These led to Davies and Shah being arrested and arraigned earlier this year. They are now set for a joint trial, and argue they should be tried separately. (ECF No. 195.)[1]

## II.  LEGAL STANDARD

Defendants argue for severance pursuant to Federal Rule of Criminal Procedure 14. (*See* ECF No. 195.) The relevant portion of Rule 14 provides: "If the joinder of

---

[1] Defendant Fernandez is a fugitive. The Government represents that Defendant Chengberlin is in the "final stages" of extradition appeals, and that Defendant Pereda has not been arrested. (ECF No. 202 at 2 & n.1.) Thus, these defendants are not set for trial with Defendants Davies and Shah.

offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).[2]

The Court "should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v United States*, 506 U.S. 534, 539 (1993); *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir. 1995). A showing of potential prejudice is not enough to require separate trials, recognizing the public interest in economy and expedition in judicial administration. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro*, 506 U.S. at 537.

The Supreme Court has recognized that the "risk of prejudice will vary with the facts in each case," and the decision whether to grant a motion to sever has long rested within the discretion of the district court. *Id.* at 539; *see also* Fed. R. Crim. P. 14, Advisory Committee Notes to 1944 Adoption (Rule 14 re-states "existing law under which severance . . . is entirely in the discretion of the court").

---

[2] Although the Government defends the joinder of Defendants and charges under Rule 8(b), Defendants do not claim misjoinder, arguing only that severance is warranted under Rule 14(a). (ECF No. 202 at 13–14; ECF No. 195 ¶¶ 7–13, 15.) *See generally* 25-614 Daniel R. Coquillette, *et al.*, *Moore's Federal Practice—Crim. Proc.* § 614.02 (3d ed. 2017) ("A motion for severance under Rule 14 will be considered only if the indictment . . . complies with Rule 8. * * * Misjoinder raises an issue of law, although reversal is required only if the error results in 'actual prejudice' * * * In contrast, severance under Rule 14 presents a matter of discretion, requiring the defendant to demonstrate that joinder complying with Rule 8 was nevertheless so prejudicial as to outweigh the strong preference for joint trials in the federal system.").

## III. ANALYSIS

Defendants argue that each of them will be unfairly prejudiced by the "spillover effect" of having evidence related to the other defendant introduced in a joint trial; that the jury may "cumulate evidence" improperly, drawing inferences of guilt that are impermissible under Federal Rules of Evidence 403 & 404(b); and that a joint trial would thus permit a conviction despite lack of proof beyond a reasonable doubt.

These arguments might carry more weight if these Defendants, charged with only money laundering, were facing a joint trial with Defendant Fernandez, who was allegedly the supplier and leader of the international drug conspiracy charged in the Indictment, and charged in nearly all its 24 Counts. Davies and Shah, however, both allegedly functioned in equivalent capacities within the charged money laundering conspiracy, and with a similar level of alleged culpability. Their arguments do not show that severance is warranted, given the present two-defendant trial set only for Davies and Shah.

Initially, the Court does not find that the comparatively minor disparity between the 19 transactions in which Shah allegedly participated and the 5 transactions in which Davies allegedly participated rises to the level of "markedly different degrees of culpability" which may contribute to prejudice that warrants severance. *See Zafiro*, 506 U.S. at 539. "The mere fact . . . that one co-defendant is less culpable than the remaining co-defendants is not alone [a] sufficient ground" to require severance. *Williams*, 45 F.3d at 1484.

As to the claim that the jury might draw improper inferences from the evidence in a joint trial, consider evidence regarding one defendant to convict the other, or find one

defendant "guilty by association," contrary to the burden of proof, these are issues readily addressed by proper jury instructions, as in almost every other multi-defendant trial. *Zafiro*, 506 U.S. at 539, 540 ("less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"; prejudice was "of the type that can be cured with proper instructions, and juries are presumed to follow their instructions" (internal quotation marks omitted)); *see generally, e.g.*, 10th Cir. Crim. Pattern Jury Instr. §§ 1.19, 1.22 (2011 ed., Jan. 2017 update).

The cases cited by Defendants do not show that severance is appropriate in this case. Defendants rely on *United States v. Bellomo*, 954 F. Supp. 630, 648–52 (S.D.N.Y. 1997), a RICO organized crime prosecution of one of New York's "five families," which involved more than ten defendants, some of whom were not charged in any RICO counts, and applied precedents applicable specifically to trials exceeding four months. Neither the facts nor the law of *Bellomo* apply to this two-defendant trial expected to last no more than eight days. Likewise, *United States v. Serafini*, 7 F. Supp. 2d 529, 552 (M.D. Pa. 1998), *aff'd*, 167 F.3d 812 (3d Cir. 1999)—in which a state elected official was charged with a single count of perjury within a 140-count prosecution of a criminal campaign finance conspiracy—also does not support severance, given the entirely different facts here. Taken together, *Bellomo* and *Serafini* tend to show that courts grant severance based on "spillover" prejudice only in cases that look unlike this one, involving significantly more defendants, more counts, more evidence, and more overall complexity than is present here. *See also United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994) (affirming denial of severance where a "bit

5

player" in conspiracy to defraud the IRS was convicted in an eight-defendant trial and had argued "the number of defendants and the complexity of the case" warranted severance).

Defendants' citations to *United States v. Wood*, 2016 WL 6680956, at *4 (D. Kan Nov. 14, 2016), *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987), and *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir.1964) are also unavailing, since these non-controlling cases addressed facts that did not call for severance, and/or severance of unrelated counts, an issue not raised by the closely-related money laundering charges here. Lastly , Defendants' citation to *In re Winship* 397 U.S. 358, 364 (1970), as general authority for the reasonable doubt standard is unpersuasive as to severance, which *Winship* did not address.

The more relevant authorities are the Tenth Circuit's holdings that "generally, in a conspiracy trial it is preferred that persons charged together be tried together," *United States v. Thompson*, 518 F.3d 832, 863 (10th Cir. 2008) (internal quotation marks omitted), and that a defendant seeking severance therefore must "overcome the presumption that in a conspiracy trial it is preferred that persons charged together be tried together," *United States v. Jones*, 530 F.3d 1292, 1302 (10th Cir. 2008). Defendants have not overcome that presumption, either by showing that any specific trial right would be violated in a joint trial, or by showing that "spillover" prejudice would be so great as to pose a "serious risk" of an unreliable jury verdict.[3] *Zafiro*, 506 U.S. at 539.

---

[3] Defendants acknowledge the prejudice they claim would "not warrant a severance should the evidence at trial be limited to . . . only counts 2, 9 and 18 of the indictment," that is, the evidentiary exclusion Defendants seek by separate motion. (ECF No. 195, ¶ 11; ECF No. 196.) The Court will—by separate order and by rulings at trial—place certain limitations on

Finally, to the extent Defendants argue that severance is warranted to preserve their rights to a speedy trial (ECF No. 195, ¶ 13), the Court has separately addressed speedy trial issues (*see* ECF Nos. 218, 219), and will re-set trial promptly. The Court sees almost no likelihood that either Davies or Shah will seek—or that the Court would grant—an additional continuance opposed by the other Defendant. Severance is therefore not warranted on this basis.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Joint Motion to Sever (ECF No. 195) is DENIED.

Dated this 19th day of December, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

unduly cumulative or potentially unduly prejudicial evidence that is unnecessary to prove the three counts charged against Davies and Shah. This provides a further reason that severance is unwarranted.