IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 14-cr-362-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.    **BRADEN DAVIES**,
7.    **SYED I. SHAH**

    Defendants.

---

**ORDER GRANTING IN PART JOINT MOTION TO EXCLUDE OR LIMIT
EVIDENCE OF DRUG TRAFFICKING AND DISTRIBUTION
AND RE-SETTING TRIAL DATE**

---

Now before the Court in this drug conspiracy and money laundering case is the Joint Motion to Exclude or Limit Evidence of Drug Trafficking and Distribution, filed by Defendants Braden Davies ("Davies") and Syed I. Shah ("Shah") (together, "Defendants"). (ECF No. 196.) For the reasons explained below, the Motion is granted in limited part.

## I. BACKGROUND

The Government initiated this case in 2014, charging 24 counts against eight alleged co-conspirators. In general terms, the Government alleges that co-Defendant Daniel Fernandez, working with co-conspirators, sent controlled substances from Canada to Colorado for sale, and engaged in a related conspiracy to launder the proceeds of those drug sales by depositing them into bank accounts in Canada controlled by alleged co-conspirators, including Davies and Shah, who then allegedly

withdrew the funds and delivered them to Fernandez, less a "commission."

Davies and Shah are not charged with drug distribution, only money laundering. Count 2 charges Davies and Shah with conspiracy to commit money laundering, 18 U.S.C. § 1956(h), by engaging in financial transactions designed to conceal the proceeds of drug distribution. In addition, Davies is charged in Count 9 with a single transaction in violation of §§ 1956(a)(1)(B) & 2, occurring on or about May 21, 2013, and Shah is charged in Count 18 with a violation of §§ 1956(a)(1)(B) & 2, occurring on or about February 17, 2014. The Government also claims its evidence will show Shah engaged in a total of 19 money laundering transactions between July 2011 and February 2014, including 18 un-charged transactions preceding the one that is charged. (ECF No. 202 at 8.) The Government likewise claims Davies committed four additional uncharged acts of money laundering, all in 2013. (*Id.* at 8–9.)

Defendants Davies and Shah were previously set for a joint, two-defendant trial, and the Court re-sets a two-defendant trial below.[1]

## II. ANALYSIS

Defendants argue that "[b]ecause there is no allegation that Mr. Davies and Mr. Shah were involved in the drug trafficking or distribution alleged against the other defendants . . . that evidence should be excluded or substantially limited in a trial

---

[1] This case terminated as to Defendants Solan, Melgar-Recinos, and Wortman in 2015, after they appeared, entered plea agreements, and were sentenced. (*See* ECF Nos. 80, 113, 116, 106, 143, 145.) Davies, Shah, and other co-defendants who are residents of Canada have been involved in lengthy extradition proceedings. These led to Davies and Shah being arrested and arraigned earlier this year. Defendant Fernandez is a fugitive. The Government represents that Defendant Chengberlin is in the "final stages" of extradition appeals, and that Defendant Pereda has not been arrested. (ECF No. 202 at 2 & n.1.) Thus, only Davies and Shah are presently before the Court and set for trial.

against [only] Mr. Davies and Mr. Shah," pursuant to Federal Rules of Evidence 401–03. (ECF No. 196 ¶ 8.) They argue that drug trafficking evidence is irrelevant to the money laundering charges against them, and that permitting the Government to "parade in front of the jury evidence of numerous completed and attempted drug deals . . . one . . . .within 1000 feet of a school," would provoke an improper emotional response from the jury, in violation of Rule 403. (*Id.* ¶ 14.)

However, for the Government to prove Counts 9 and 18 it must show these financial transactions involved proceeds of illegal drug trafficking. (ECF No. 1 at 6, 10.) Further, the Government must prove Defendants *knew* the money represented the proceeds of unlawful activity, and conducted the financial transactions *knowing* they were designed to conceal or disguise the source, ownership, or control of the money involved. *Id.*; Tenth Circuit Crim. Pattern Jury Instr. § 2.73.1 (2011 ed., Jan. 2017 update).

Furthermore, Defendants are charged in Count 2 with *conspiracy* to launder money. Thus, the Government must prove Defendants' participation in a conspiracy, including "an agreement with another person to knowingly conduct a financial transaction involving the proceeds of [drug trafficking]," and that Defendants had "knowledge of the essential objections of the conspiracy" and "knowing and voluntary involvement." *United States v. Keck*, 643 F.3d 789, 794 (10th Cir. 2011). In addition, the Government must prove that "the conspirators designed the transaction with the intent to conceal or disguise the nature, location, source, ownership or control of [the] ill-gotten proceeds." *United States v. Salcido*, 33 F.3d 1244, 1247 (10th Cir. 1994).

Given the Government's burden to prove these elements, evidence of drug trafficking is also relevant to the money laundering charges against these Defendants. The Government must prove that the money deposited or accepted by Defendants in Counts 9 and 18 was, in fact, the proceeds of drug trafficking, that Defendants knew it represented the proceeds of illegal activity, and that they acted knowingly to conceal its source or ownership. Because evidence of drug trafficking is both relevant and necessary to the charges against Defendant, the Court cannot enter a categorical exclusion of such evidence. To do so would be tantamount to preventing the Government from proving the counts as to which the Grand Jury indicted these Defendants, something this Court will not do. Indeed, Defendants cite no authority for excluding such evidence in a similar case, despite the large body of case law addressing drug trafficking and money laundering conspiracies. Thus, Defendants have not offered a basis to exclude all evidence of drug trafficking.

Nevertheless, the Court agrees, to some extent, with Defendants. At some point, admission of all of the Government's evidence regarding drug trafficking would be of at most marginal relevance to the money laundering charges against these Defendants. Putting on the entirety or even a large portion of the Government's case regarding the drug conspiracy—in which Defendants are not charged—would, undoubtedly, become cumulative, a waste of time, and unduly prejudicial, particularly given the likelihood that evidence of an extensive drug trafficking effort will provoke an emotional response from the jury. *See* Fed. R. Evid. 403; *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) ("unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not

4

necessarily, an emotional one" (internal quotation marks omitted; alterations incorporated)).

Accordingly, the Court agrees that *some* limitation must be placed on the Government's admission of evidence related to drug trafficking in which Defendants are not alleged to have participated. The Court will not allow the Government to put on all the same evidence in a two-defendant, three-count money laundering trial that it might have put on if all defendants and counts were being tried together in an eight-defendant, 24-count drug trafficking trial. However, *where* to draw the line on such evidence is a difficult question which the Court finds cannot be resolved by pretrial order, outside the presentation of the evidence in context.

As earlier discussed, Defendants' suggestion that *only* evidence directly tied to Counts 8 and 19 should be admitted is untenable, given the conspiracy charge. (*See* ECF No. 196 ¶ 13.) The Government must prove not only these two transactions, but also Defendants' participation in a broader conspiracy to launder money. Almost by definition, proving this conspiracy charge calls for proving additional acts of money laundering, including the acts and agreement of other persons, and that any additional instances of alleged money laundering themselves represented the proceeds of drug trafficking. To exclude *all* evidence arguably unrelated to Counts 9 and 18 would be tantamount to eliminating the conspiracy charge from this case. Again, Defendants cite no authority supporting such a blanket exclusion. Also, since money is fungible, it might not be a simple matter to identify which drug transactions are the direct source of the funds in Counts 9 and 18, but the Court cannot evaluate that on the present record.

Since Defendants do not request relief amenable to pretrial exclusion, the Court

will not enter such an order.  However, the Court shares Defendants' concern that introduction of voluminous and repetitive evidence related exclusively to drug trafficking could rapidly become cumulative, unduly prejudicial, and confusing to the jury in violation of Rule 403.  Accordingly, the parties are advised the Court *will* enforce limitations on the presentation of such evidence at trial and the parties should prepare for trial accordingly.  The Government is encouraged to carefully review its evidence to determine what evidence is actually necessary to prove its case and is also directly relevant as against these Defendants, but without being unduly cumulative, or focusing the on the alleged unlawful conduct of absent co-defendants to the exclusion of the Defendants' own conduct.

     Put another way, the Court will require the Government's trial evidence of drug trafficking to "connect up" to concrete factual allegations involving these two Defendants.  For example, the Government has alleged that "[o]n November 15, 2012, [DEA Agent Brian] Jeffers purchased 100 ecstasy pills from [Defendant Jason Scott] Solan in [*sic*] $600."  (ECF No. 202 at 2–3; *see also* ECF No. 1 at 3.)  The Government's narrative describes additional drug sales involving Solan and Jeffers from December 2012 through April 2013, but the Government does not describe any acts of money laundering taken by Davies or Shah, or even mention their involvement until May 2013 and February 2014, respectively.  (ECF No. 202 at 4, 7.)  The Government later lists payments alleged made to (and through) Shah and Davies on earlier dates, including deposits to Shah in November 2012.  (*Id.* at 8–9.)  However, it is unclear from the Government's current description whether or how, for example, an alleged $1,920 payment to (and through) Shah on November 29, 2012 might relate to

the $600 ecstasy sale on November 15, 2012, or to other transactions.[2] At least as presented in the Government's present filing, these descriptions do not clearly "connect up" Shah's alleged acts of money laundering in 2011 and 2012 to any particular act or acts of drug trafficking.

The Government may well have such evidence, tending to show that the funds deposited in Defendants' bank accounts were, in fact, the proceeds of particular drug transactions. But without *some* evidence of a connection between Defendants' financial transactions and acts of drug trafficking that generated the relevant funds (or reasonably permitting inference of such a connection), "floating" or untethered evidence that persons other than Defendants engaged in unexplained acts of drug trafficking will most likely be subject to exclusion at trial under Rules 401–03. Moreover, the Court finds it unlikely that evidence of every one of the alleged acts of drug trafficking is necessary for the Government to put on its money laundering case against these two Defendants, or that all such evidence could be admitted consistent with Rule 403. The Government is therefore advised to focus its case on those portions of the evidence which present the most clear connections between the alleged drug trafficking and Defendants' conduct.

The Court orders additional specific measures to minimize the potential prejudice addressed by Defendants' Motion below.

---

[2] It is likewise unclear what drug transaction(s) connect to the alleged acts of money laundering by Shah which occurred *before* the first drug transaction identified by the Government, in November 2012. (*Compare* ECF No. 202 at 2 (alleging drug trafficking beginning in November 2012) *with id.* at 8 (alleging money laundering beginning in July 2011).)

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Joint Motion to Exclude or Limit Evidence of Drug Trafficking and Distribution (ECF No. 196) is GRANTED IN PART and DENIED IN PART as follows:

   a. That portion of Defendants' Motion which seeks limitations on the Government's evidence related to drug trafficking is GRANTED IN PART as follows:

      i. In recognition of the potential for the Government's evidence to become unduly cumulative, prejudicial, or otherwise admissible under Rule 403, and in consideration of the parties' submissions regarding the length of trial, the Court hereby SHORTENS TRIAL BY ONE DAY;

      ii. The parties are DIRECTED to confer regarding potential stipulations of fact and/or stipulations regarding the admissibility of evidence (including but not limited to summary charts or testimony) which will streamline the Government's presentation of evidence related to drug trafficking and reduce the potential for prejudice or jury confusion;

      iii. The parties are DIRECTED to confer regarding appropriate and specific limiting instructions for the jury that address: (a) the permissible and impermissible uses of evidence regarding drug trafficking in this case; and (b) seek to minimize the potential

prejudice of such evidence;

iv. Notwithstanding the previous submission of trial materials, the parties are GRANTED LEAVE to submit additional proposed jury instructions or stipulations consistent with the foregoing;

v. In reliance on the Government's representation that it does "not inten[d] to offer evidence concerning the close proximity of the school" to the drug transaction alleged in Count 5 (ECF No. 202 at 18), such evidence will be EXCLUDED;

vi. Absent citation of controlling authority to the contrary, the Court anticipates that only Counts 2, 9, and 18 of the Indictment will be presented to the jury; Counts 1, 3–8, 10-17, and 19–24 will not be presented to the jury, in jury instructions or otherwise;

vii. The parties are ENCOURAGED to confer regarding other means of limiting the potential for prejudice or jury confusion resulting from the admission of evidence related to drug trafficking and to submit any such suggestions to the Court in advance of the Final Trial Preparation Conference;

viii. As set forth above, the Court will limit the admission of evidence at trial pursuant to Federal Rules of Evidence 403 and 611, and may exclude evidence related to drug trafficking that is overly attenuated from any conduct charged against Defendants, if the Government does not "connect up" such evidence to the charges against the Defendants, or if the presentation of such evidence becomes

unduly cumulative, prejudicial, a waste of time, or risks confusing the jury by focusing their attention on the conduct of other persons, to the exclusion of the Defendants' own conduct;

b. Defendants' Motion is in all other respects DENIED.

2. A **7-day** jury trial is HEREBY SET to commence on at 8:30 a.m., on **Monday, February 5, 2018**, and to conclude on Wednesday, **February 14, 2018**, in Courtroom A801. There will be no trial on Friday, February 9, 2018. The Final Trial Preparation Conference is set for Friday, **January 26, 2018 at 11:00 a.m.**, also in Courtroom A801.

3. The parties are DIRECTED to submit amended proposed witness lists consistent with this trial schedule and WJM Revised Practice Standards IV.B.4 (as revised effective December 1, 2017).

4. The parties' other previously-submitted pretrial submissions (proposed *voir dire*, exhibit lists, jury instructions, etc.) (ECF Nos. 203–14) will be treated as final and need not be re-filed. Amendments or supplementation to these submissions may be summarily stricken if submitted without prior leave of Court.

Dated this 19th day of December, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge