IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 14-cr-362-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.    **BRADEN DAVIES**,
7.    **SYED I. SHAH**

    Defendants.

---

## ORDER DENYING MOTION TO CONTINUE

---

Now before the Court is the Motion to Reset Jury Trial filed by Defendant Braden Davies ("Davies"). (ECF No. 226.) For the reasons explained below, the motion is denied.

### I. BACKGROUND

More detailed background has been set out previously and is incorporated herein without being repeated. (*See, e.g.* ECF Nos. 217, 219.) Briefly summarized, this case was initiated against eight alleged co-conspirators in September 2014. (ECF No. 1.) However, only three defendants were promptly arrested, thereafter entering plea agreements. The remaining defendants are residents of Canada who contested extradition and/or remain fugitives. Primarily because of contested extradition proceedings, Davies and co-Defendant Syed I. Shah ("Shah") did not appear in this Court until June and August 2017, respectively. (*See, e.g.*, ECF Nos. 160, 170.)

Following Davies's arrest in June 2017, but before Shah was extradited, Davies,

who is free on bond, sought and was granted a 120-day exclusion of time from Speedy Trial Act calculations, and a corresponding continuance of his trial date, which the Court reset to December 18, 2017. (*See* ECF Nos. 163, 164, 167–69.) After Shah appeared, the Court reset a joint trial to commence the same date, consistent with 18 U.S.C. § 3161(h)(6), the "preference in the federal system for joint trials," *Zafiro v. United States*, 506 U.S. 534, 537 (1993), and the "presumption that in a conspiracy trial it is preferred that persons charged together be tried together," *United States v. Jones*, 530 F.3d 1292, 1302 (10th Cir. 2008). (ECF No. 179.)

Neither Davies nor Shah objected to this joint trial setting, but when the Government sought to continue the December 18, 2018 trial, both Davies and Shah vigorously opposed that request, which the Court denied. (ECF Nos. 201, 202.) Nevertheless, the trial setting was vacated as a consequence of multiple motions filed by Davies and Shah on the last day such motions were permitted, November 22, 2017. (ECF Nos. 191, 193–196, 219.)

On December 19, 2017, the Court denied Davies's motion, joined by Shah, for separate trials, and reset trial to commence February 5, 2018. (ECF Nos. 221, 222.) At that time, the Court noted that it saw "almost no likelihood" that it would grant any additional continuance if opposed by either Defendant. (ECF No. 221 at 7.) On January 3, 2018, Davies filed the present Motion, citing a conflict with another trial in his attorney's schedule, and requesting—based on counsels' and the Court's calendars—that trial be set "the week of March 19, 201[8] or as closely thereafter as the court schedule allows." (ECF No. 226 ¶ 7.)

## II. ANALYSIS

The Court will deny Davies's Motion for at least three reasons.

*First*, and most importantly, the requested continuance is opposed by co-Defendant Shah. (ECF No. 226 ¶ 8.) As the Court has previously detailed, as a consequence of Shah being extradited approximately two months after Davies first appeared, even the prior trial date was already set beyond the usual 70-day period beginning with Shah's initial appearance that is provided by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). (*See* ECF No. 217 at 9.) Thus, through neither any fault of his own, nor any lack of diligence, Shah already suffered delay as a result being extradited shortly after Davies surrendered. In addition, since Shah had not yet appeared when Davies previously requested a continuance, he could not be heard on the issue at that time.

When the Court agreed with Davies that the Government's own request for a continuance should be denied, it previewed the conclusion that any further delay of trial as to Shah would exceed the "reasonable period of delay" allowed under 18 U.S.C. § 3161(h)(6), as a result of Shah's joinder for trial with Davies. Unlike Davies, who is free on bond, is represented by retained counsel, and is evidently residing in Denver while awaiting trial, "Mr. Shah is not free on bond, and although he . . . never objected to the December 18, 2017 setting, he *does* object to a further exclusion or continuance." (ECF No. 217 at 9 n.3 (emphasis added) (citing *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014) (factors to consider in determining whether delay resulting from joinder is "reasonable" under § 3161(h)(6) include

"whether the defendant is free on bond," and "whether the defendant zealously pursued a speedy trial").) Moreover, as Shah's counsel has summarized, he is a resident of Canada, his wife and children remain in Canada, he has no criminal history, and he has been detained pretrial "[b]ased only on his immigration status," (or, as the Court understands it, based on his *lack* of any immigration status in the United States). (ECF No. 200 ¶ 4.) When considering "all relevant circumstances," the Court finds that a further delay of Shah's trial, over his objection, would not be "reasonable" within the meaning of § 3161(h)(6). *Margheim*, 770 F.3d at 1319.[1]

More broadly, additional delay would be contrary to the interests of justice and the purpose of the Speedy Trial Act "to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *Id.* at 1318 (internal quotation marks omitted). Without laying blame on any party, the reality is that Davies and Shah are already set for trial more than *three years* after the Indictment was filed. In these circumstances, the Court is not prepared to approve a further delay of the trial for these two Defendants.

*Second*, the only grounds for the requested continuance is that Davies's counsel has a conflict with a trial set in the District Court of El Paso County, Colorado. (ECF No. 226 ¶ 6.) However, the undersigned's Practice Standards clearly provide that "[d]ue to the extraordinary disruption to the Court's calendar caused by the rescheduling of trials, motions for continuance of a trial date . . . will rarely be granted. Such motions

---

[1] Despite the Court having previously addressed these issues, Davies's motion conspicuously omits any argument or analysis under the Speedy Trial Act, and includes no discussion of whether further delay of Shah's trial would be reasonable under § 3161(h)(6).

will be denied absent a showing of substantial good cause arising out of truly compelling circumstances . . . [which] does not include previously scheduled trial settings unless that trial is before a judicial officer of this Court." WJM Revised Practice Standards II.D.3. (as most recently revised effective December 1, 2017). Thus, as all counsel knew or should have known, a trial setting in another court, by itself, presumptively does not provide grounds to vacate the trial date.

While the Court recognizes that the nature of counsel's conflicting trial is itself somewhat unusual, involving a public figure and in a posture of being "set 20 months after the indictment" (*id.* ¶ 6.a., d.), the Court is not prepared to infringe on Defendant Shah's right to a speedy trial on the basis of another defendant's public status, particularly where the lapse of time from indictment to trial here is already some 40 months, more than double what the Motion reflects is true in the conflicting trial.[2]

*Third*, while counsel requests that trial be reset "as closely thereafter [following March 19, 2018] as the court's schedule allows" (ECF No. 226 at 4), the present reality is that Court's calendar over the next few months is highly congested, with multiple criminal trials in the short to mid-term future that implicate the speedy trial rights of many other defendants. Under the Speedy Trial Act, the Court generally is not permitted to continue criminal trials based only on "general congestion of the court's calendar." *See* 18 U.S.C. § 3161(h)(7)(C). But, given the lack of available alternative

---

[2] In considering counsel's conflict, the Court is also cognizant that Davies is represented by retained counsel who practices in a law firm with several other very capable criminal defense lawyers. Davies's motion makes no representation regarding the schedule(s) of Mr. Kaplan's partners, and the Court's increased familiarity with this case in the present posture leaves it presently unpersuaded that another lawyer could not ably bring this case to trial with Mr. Kaplan's assistance without disturbing the current setting.

5

trial dates within a reasonable period of time, that is effectively what would occur *if* the Court were to vacate the existing trial setting absent some other grounds or basis for delay.³ The Court finds it therefore cannot grant Davies's Motion consistent with either the letter or the spirit of the Speedy Trial Act.

### III. CONCLUSION

For the reasons set forth above, Defendant Davies's Motion to Reset Jury Trial (ECF No. 226) is DENIED.

Dated this 4th day of January, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

³ *Perhaps* the Court would have had more scheduling options if it had been informed of counsel's conflict on December 5, 2017, when the prior trial setting was vacated, or promptly after December 19, 2017, when the current trial was set. (ECF Nos. 219, 222.) The fact that Davies's Motion was not filed before January 3, 2018, less than five weeks before trial, provides further reason to deny it. (*See* ECF No. 226 ¶ 6.c.)